IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br>Reg. No. 19088-001, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL CASE NO. 2:23-cv-495-ECM<br>) |
| UNITED STATES OF AMERICA, *et al.*, | )<br>) |
| Defendants. | )<br>) |

**MEMORANDUM OPINION and ORDER**

On August 31, 2023, the Magistrate Judge entered a Recommendation that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 1391 and 1406. (Doc. 3). Plaintiff Quincetta Y. Cargill filed objections to the Recommendation. (Doc. 4). After carefully reviewing the record in this case, the Magistrate Judge's Recommendation, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be transferred to the Northern District of Alabama.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires

that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. To the extent the Plaintiff makes conclusory objections, these objections are reviewed for clear error and are due to be overruled.

In her objections, the Plaintiff argues that jurisdiction and venue are proper in the Middle District of Alabama because: (1) the State of Alabama imposed an order for 15 years supervision by the state probation office in Montgomery, and therefore Montgomery County can be considered her potential future residence; (2) it would not be in the interest of justice to transfer the case to the jurisdiction where the individuals she has accused of wrongdoing are located; and (3) she already has a 28 U.S.C. § 2255 motion pending in the Northern District, and the transfer of this case to that court could create confusion. However, the Plaintiff's objections do not undermine or change the Recommendation's

findings and conclusion that the Northern District of Alabama is the proper venue in this case.

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows that:

1. The Plaintiff's objections (doc. 4) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 3) is ADOPTED;

3. This case is TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 1391 and 1406.

DONE this 1st day of February, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE